Filing # 40235083 E-Filed 04/13/2016 04:33:39 PM

IN THE COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY FLORIDA
CIRCUIT CIVIL DIVISION

EDMUND SCARBOROUGH,
YVONNE SCARBOROUGH, and
DOUGLAS MENCHISE, TRUSTEE                     CASE NO.:
OF THE BANKRUPTCY ESTATE OF                   DIV:
EDMUND AND YVONNE SCARBOROUGH.
        *Plaintiffs,*

        v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS (NASBP),
THE SURETY & FIDELITY ASSOCIATION
OF AMERICA (SFAA), formerly known as
The Surety Association of America,
ENGINEERING NEWS-RECORD (ENR),
BNP MEDIA II, LLC.
        *Defendants.*
_____/

## COMPLAINT

COMES NOW Plaintiffs, Edmund Scarborough, Yvonne Scarborough (hereinafter referred to as "SCARBOROUGHS") and Douglas Menchise as Trustee of Bankruptcy Estate of Edmund and Yvonne Scarborough 14-08222-KRM, Middle District of Tampa, by and through the undersigned counsel, files this Complaint against NATIONAL ASSOCIATION OF SURETY BOND PRODUCERS (NASBP), THE SURETY & FIDELITY ASSOCIATION OF AMERICA (SFAA), formerly known as The Surety Association of America, ENGINEERING NEWS-RECORD (ENR), BNP MEDIA II, LLC (hereinafter referred to as BNP) and states the cause of action as follows:

## GENERAL ALLEGATIONS

1.    This is an action in equity and at law for damages in excess of $15,000.00, exclusive of interests, costs, and reasonable attorney's fees, and this Court otherwise has jurisdiction.

2.    Plaintiffs, SCARBOROUGHS, at all material times, have been residents of Polk County, Florida

3.    Plaintiff, Douglas Menchise, Trustee of the Bankruptcy Estate, at all material times,

Scarborough v. NASBP et al
Complaint

is held in the Middle District Federal Court of Florida, Hillsborough County.

4.      Defendant, NATIONAL ASSOCIATION OF SURETY BOND PRODUCERS (NASBP), is a Washington, D.C. corporation, and at all times material hereto, had its principal address at 1140 19th Street NW, Suite 800, Washington, D.C. 20011.

5.      Defendant, THE SURETY & FIDELITY ASSOCIATION OF AMERICA (SFAA), formerly known as The Surety Association of America, is a Washington, D.C. corporation licensed to do business in the State of Florida, currently has a registered agent in Florida, and at all times material hereto, had its principal address 1140 19th Street NW, Suite 500, Washington, D.C. 20011.

6.      Defendant, ENGINEERING NEWS-RECORD (ENR), is a Michigan business, and at all times material hereto, had its principal address at 2401 W. Big Beaver Rd., Suite 700, Troy, MI 48084-3333.

7.      Defendant, BNP MEDIA II, LLC, is a Michigan corporation licensed to do business in the State of Florida, has a registered agent in Florida and at all times material hereto, had its principal address at 2401 W. Big Beaver Rd., Suite 700, Troy, MI 48084-3333.

8.      BNP owns and directs ENR in its business.

9.      Defendants availed themselves to the jurisdiction of Florida by publishing information about Plaintiffs within a medium that purposely reached the Florida population and affected the reputation and business of Plaintiffs in Florida.

10.     The appropriate venue for this action is Polk County, Florida where Plaintiff's reside and conduct their profession along with the fact that the Defendants have purposely availed themselves to the jurisdiction of Polk County, Florida.

11.     Jurisdiction is proper under Section 48.193, Florida Statutes, in that some or all of the Defendants engaged in or carried on a business or business venture in this State, has an office or agency in this State, and have availed themselves to the jurisdiction of Florida.

12.     All conditions precedent to the filing of this action have been met, have been performed or have been waived, including compliance with Section 768.28 and 770.01 (where applicable), Florida Statutes.

## FACTUAL BACKGROUND

13.     Plaintiff, Edmund Scarborough, was an available individual surety providing individual surety bonds to the Federal Government, private sector, and state and local

2

Scarborough v. NASBP et al
Complaint

municipalities.

14.    Providing such bonds threatened potential business of influential members/affiliates of Defendants SFAA and NASBP, along with important subscribers to ENR and BNP.

15.    Plaintiff, Edmund Scarborough, was one of, if not the largest individual surety in the Unites States.

16.    Plaintiff, Edmund Scarborough, owned a company called IBCS Mining, which was formed to provide services and products in the coal industry.

17.    Plaintiff, Edmund Scarborough's commercial bonds were backed by two Indentured Trust Agreements with Wells Fargo National Bank, Trust Division out of Salt Lake, Utah. Indentured Trust One was supported by refuse coal located in West Virginia and Trust Two was supported by refuse coal in Kentucky.

18.    Contained in composite exhibit A and in other documents along with oral allegations, Defendants engaged in conduct that is malicious in nature toward the SCARBOROUGHS and meant to harm the SCARBOROUGHS, to include but not limited to:

      a.  Intentionally publishing false imputations and accusations to third-parties that SCARBOROUGHS committed crimes to include fraud and conspiracy to commit fraud.

      b.  Intentionally publishing false imputations and accusations to third parties that the SCARBOROUGHS engaged in actions that reflect negatively upon the profession of the SCARBOROUGHS.

      c.  Intentionally publishing false imputations and accusations to third-parties about the SCARBOROUGHS that are harmful to their character and reputation.

19.    Plaintiff, Edmund Scarborough, entered into a business relationship with Montgomery Street Financial and Meridian Capital, who were to secure investors to invest in IBCS Mining with funds that were to be used to build a coal cleaning plant.

20.    Montgomery and Meridian did in fact find investors to invest in the coal cleaning plant, and all aspects of the deal were put in place with closing dates provided.

21.    While waiting for the closing with the investors set up by Montgomery and Meridian to provide for the coal cleaning plant, the investors began reading articles published by Defendants. The articles published by Defendants were created to disparage and harm the

3

Scarborough v. NASBP et al
Complaint

credibility of the SCARBOROUGHS and to impede any possibility of EDMUND
SCARBOROUGH gaining any further competitive advantage through successful business
dealings related to his coal business.

22.    After reading the articles that imputed or alleged that the SCARBOROUGHS were
committing fraud, the investors for the coal cleaning plant pulled out of the agreed-upon deal
just before closing.

23.    Pursuant to the loan proceeds, Plaintiffs, EDMUND SCARBOROUGH and
YVONNE SCARBOROUGH, stood to gain a large increase in value in both their
business and personal assets that would have, in turn, made them more competitive in
the Surety market.

24.    Defendant, ENR (as a subsidiary of BNP) provides and reports on, among other
things, sureties for bonds such as those services provided by Edmund Scarborough.

25.    Defendant, SFAA, has shown great discord with the SCARBOROUGHS in that the
SCARBOROUGHS compete or could compete with many of the members of SFAA.

26.    Defendant, SFAA, is one of the largest or is the largest advertiser within ENR and
has great influence over the stories published by ENR.

27.    Defendants, SFAA, knew or should have known that they provided false
information that was defamatory in nature, as listed in paragraphs 18(a) through 18 (c) above,
to NASBP and ENR and directed ENR and NASBP to publish the false and defamatory
information regarding the SCARBOROUGHS.

28.    Defendants, NASBP, knew or should have known that they provided false
information that was defamatory in nature, as listed in paragraphs 18(a) and 18 (b) above, to
both SFAA and ENR and directed ENR and SFAA to publish the false and defamatory
information regarding the SCARBOROUGHS.

29.    Defendant, SFAA, also knew or should have known that they published the same
false information, listed in paragraphs 18(a) through 18 (c) above, on their own website, to the
community as a whole.

30.    Defendants knew Plaintiff, EDMUND SCARBOROUGH, received approval for
investment money from investment groups through Montgomery Street Financial Advisors for
the purpose of cleaning dirty coal, and maliciously reported false statements and imputations,
listed in paragraphs 18(a) and 18 (b) above, about Plaintiff, EDMUND SCARBOROUGH, to

4

impede the ability of SCARBOROUGHS to proceed with the investment money which would have significantly increased the wealth and competiveness of the SCARBOROUGHS.

31.     Further, Defendants knew or should have known that the SCARBOROUGHS worked in a profession that required a trustworthy reputation.

32.     Defendants, in publishing false and/or misleading information about the SCARBOROUGHS, caused the SCARBOROUGHS to lose their job and/or made it difficult for them to get and retain new employment in their profession.

### COUNT I – DEFAMATION (NASBP against EDMUND SCARBOROUGH)

33.     Plaintiff, EDMUND SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

34.     Defendant, NASBP, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the Plaintiff, EDMUND SCARBOROUGH.

35.     The statements referred to in the incorporated paragraphs were made by the NASBP of or concerning EDMUND SCARBOROUGH.

36.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the EDMUND SCARBOROUGH or NASBP.

37.     The statements referred to in the incorporated paragraphs were false.

38.     The statements referred to in the incorporated paragraphs included malicious publications by the NASBP.

39.     The statements referred to in the incorporated paragraphs adversely reflect upon EDMUND SCARBOROUGH'S conduct in a profession

40.     As a result of the statements referred to in the incorporated paragraphs, EDMUND SCARBOROUGH has suffered both special and general damages to include, but not limited to, the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE the EDMUND SCARBOROUGH, demands judgement against the NASBP, and a trial by jury on all issues to triable.

5

Scarborough v. NASBP et al
Complaint

## COUNT II – DEFAMATION (SFAA against EDMUND SCARBOROUGH)

41.     Plaintiff, EDMUND SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

42.     Defendant, SFAA, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the EDMUND SCARBOROUGH.

43.     The statements referred to in the incorporated paragraphs were made by the SFAA of or concerning EDMUND SCARBOROUGH.

44.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the EDMUND SCARBOROUGH or SFAA.

45.     The statements referred to in the incorporated paragraphs were false.

46.     The statements referred to in the incorporated paragraphs included malicious publications by the SFAA.

47.     The statements referred to in the incorporated paragraphs adversely reflect upon EDMUND SCARBOROUGH'S conduct in a profession

48.     As a result of the statements referred to in the incorporated paragraphs, the EDMUND SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, EDMUND SCARBOROUGH, demands judgement against the SFAA, and a trial by jury on all issues to triable.

## COUNT III – DEFAMATION (BNP against EDMUND SCARBOROUGH)

49.     Plaintiff, EDMUND SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

50.     Defendant, BNP, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the EDMUND SCARBOROUGH.

51.     The statements referred to in the incorporated paragraphs were made by the BNP of or concerning EDMUND SCARBOROUGH.

6

Scarborough v. NASBP et al
Complaint

52.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the EDMUND SCARBOROUGH or BNP.

53.     The statements referred to in the incorporated paragraphs were false.

54.     The statements referred to in the incorporated paragraphs included malicious publications by the BNP.

55.     The statements referred to in the incorporated paragraphs adversely reflect upon EDMUND SCARBOROUGH'S conduct in a profession

56.     As a result of the statements referred to in the incorporated paragraphs, EDMUND SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, EDMUND SCARBOROUGH, demands judgement against the BNP, and a trial by jury on all issues to triable.

### **COUNT IV – DEFAMATION (ENR against EDMUND SCARBOROUGH)**

57.     Plaintiff, EDMUND SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

58.     Defendant, ENR, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the EDMUND SCARBOROUGH.

59.     The statements referred to in the incorporated paragraphs were made by the ENR of or concerning EDMUND SCARBOROUGH.

60.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the EDMUND SCARBOROUGH or ENR.

61.     The statements referred to in the incorporated paragraphs were false.

62.     The statements referred to in the incorporated paragraphs included malicious publications by the ENR.

63.     The statements referred to in the incorporated paragraphs adversely reflect upon EDMUND SCARBOROUGH'S conduct in a profession

64.     As a result of the statements referred to in the incorporated paragraphs, EDMUND

7

Scarborough v. NASBP et al
Complaint

SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, EDMUND SCARBOROUGH, demands judgement against the ENR, and a trial by jury on all issues to triable.

### COUNT V – DEFAMATION (NASBP against YVONNE SCARBOROUGH)

65.     Plaintiff, YVONNE SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

66.     Defendant, NASBP, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the YVONNE SCARBOROUGH.

67.     The statements referred to in the incorporated paragraphs were made by the NASBP of or concerning YVONNE SCARBOROUGH.

68.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the YVONNE SCARBOROUGH or NASBP.

69.     The statements referred to in the incorporated paragraphs were false.

70.     The statements referred to in the incorporated paragraphs included malicious publications by the NASBP.

71.     The statements referred to in the incorporated paragraphs adversely reflect upon YVONNE SCARBOROUGH'S conduct in a profession

72.     As a result of the statements referred to in the incorporated paragraphs, YVONNE SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE the YVONNE SCARBOROUGH, demands judgement against the NASBP, and a trial by jury on all issues to triable.

8

Scarborough v. NASBP et al
Complaint

### COUNT VI – DEFAMATION (SFAA against YVONNE SCARBOROUGH)

73.    Plaintiff, YVONNE SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

74.    Defendant, SFAA, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the YVONNE SCARBOROUGH.

75.    The statements referred to in the incorporated paragraphs were made by the SFAA of or concerning YVONNE SCARBOROUGH.

76.    The statements referred to in the incorporated paragraphs were published to persons or entities other than the YVONNE SCARBOROUGH or SFAA.

77.    The statements referred to in the incorporated paragraphs were false.

78.    The statements referred to in the incorporated paragraphs included malicious publications by the SFAA.

79.    The statements referred to in the incorporated paragraphs adversely reflect upon YVONNE SCARBOROUGH'S conduct in a profession

80.    As a result of the statements referred to in the incorporated paragraphs, the YVONNE SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, YVONNE SCARBOROUGH, demands judgement against the SFAA, and a trial by jury on all issues to triable.

### COUNT VII – DEFAMATION (BNP against YVONNE SCARBOROUGH)

81.    Plaintiff, YVONNE SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

82.    BNP made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the YVONNE SCARBOROUGH.

83.    The statements referred to in the incorporated paragraphs were made by the BNP of or concerning YVONNE SCARBOROUGH.

9

Scarborough v. NASBP et al
Complaint

84.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the YVONNE SCARBOROUGH or BNP.

85.     The statements referred to in the incorporated paragraphs were false.

86.     The statements referred to in the incorporated paragraphs included malicious publications by the BNP.

87.     The statements referred to in the incorporated paragraphs adversely reflect upon YVONNE SCARBOROUGH'S conduct in a profession

88.     As a result of the statements referred to in the incorporated paragraphs, the YVONNE SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, YVONNE SCARBOROUGH, demands judgement against the BNP, and a trial by jury on all issues to triable.

**COUNT VIII – DEFAMATION (ENR against YVONNE SCARBOROUGH)**

89.     Plaintiff, YVONNE SCARBOROUGH, adopts and reasserts paragraphs 1-32 and incorporates them herein.

90.     Defendant, ENR, made oral and/or written statements, as evidenced by the incorporated paragraphs above, which have adversely affected the reputation and character of the YVONNE SCARBOROUGH.

91.     The statements referred to in the incorporated paragraphs were made by the ENR of or concerning YVONNE SCARBOROUGH.

92.     The statements referred to in the incorporated paragraphs were published to persons or entities other than the YVONNE SCARBOROUGH or ENR.

93.     The statements referred to in the incorporated paragraphs were false.

94.     The statements referred to in the incorporated paragraphs included malicious publications by the ENR.

95.     The statements referred to in the incorporated paragraphs adversely reflect upon YVONNE SCARBOROUGH'S conduct in a profession

96.     As a result of the statements referred to in the incorporated paragraphs, the

10

YVONNE SCARBOROUGH has suffered both special and general damages to include, but not limited to the lost ability to work in the future, lost opportunities to work in the past, personal humiliation, embarrassment, degradation of their character in the community, emotional distress, mental anguish loss of capacity for enjoyment of life and loss of financial gain and stability.

WHEREFORE, YVONNE SCARBOROUGH, demands judgement against the ENR, and a trial by jury on all issues to triable.

## COUNT IX - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP (NASBP against EDMUND SCARBOROUGH)

97.    Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

98.    As described above, EDMUND SCARBOROUGH had a business relationship with the Montgomery Street Financial and Meridian Financial investors.

99.    Defendant, NASBP, knew of the business relationship between the EDMUND SCARBOROUGH and the Montgomery Street Financial and Meridian Financial investors.

100.    Defendant, NASBP, maliciously provided Defendant, Engineering News-Record (ENR) and SFAA with false information about EDMUND SCARBOROUGH and Defendant, Engineering News-Record (ENR) and SFAA, in turn published this information on their nationally viewable website, without first verifying the veracity of the information provided.

101.    NASBP knew (or should have known) that EDMUND SCARBOROUGH had an Agreement and advantageous relationship with the Montgomery Street Financial and Meridian Financial investors, and knowingly and intentionally decided, endeavored and sought to engage in acts which could cause irreparable damage to the to the established business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH.

102.    The conduct of NASBP in interfering with EDMUND SCARBOROUGH's economic relationship, was intentional, willful, and calculated to cause damage to

11

Scarborough v. NASBP et al
Complaint

Plaintiff, EDMUND SCARBOROUGH's business relationship with the Montgomery Street Financial and Meridian Financial investors, and ability to earn income.

103.   The improper conduct of NASBP was committed with actual malice and ill will towards EDMUND SCARBOROUGH, and with the intentional and improper purpose of causing irreparable damage.

104.   As a direct and proximate result of NASBP's willful and improper conduct, the business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH was terminated, and as a result, EDMUND SCARBOROUGH has suffered monetary damages.

105.   There is no justification or privilege for NASBP's actions.

WHEREFORE, EDMUND SCARBOROUGH respectfully demands judgement against NASBP for damages, interest, costs, a trial by jury on all issues to triable, and such other relief as this Court deems proper. Jury trial demand?

## COUNT X - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP (SFAA against EDMUND SCARBOROUGH)

106.   Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

107.   As described above, EDMUND SCARBOROUGH had a business relationship with the Montgomery Street Financial and Meridian Financial investors.

108.   Defendant, SFAA, knew of the business relationship between the EDMUND SCARBOROUGH and the Montgomery Street Financial and Meridian Financial investors.

109.   Defendant, SFAA, maliciously provided Defendant, Engineering News-Record (ENR) and NASBP with false information about EDMUND SCARBOROUGH and Defendant, Engineering News-Record (ENR), in turn published this information on their nationally viewable website, without first verifying the veracity of the information provided.

110.   SFAA knew (or should have known) that EDMUND SCARBOROUGH had an Agreement and advantageous relationship with the Montgomery Street Financial and Meridian Financial investors, and knowingly and intentionally decided, endeavored and

12

Scarborough v. NASBP et al
Complaint

sought to engage in acts which could cause irreparable damage to the to the established business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH.

111.    The conduct of SFAA, in interfering with EDMUND SCARBOROUGH's economic relationship, was intentional, willful, and calculated to cause damage to Plaintiff, EDMUND SCARBOROUGH's business relationship with the Montgomery Street Financial and Meridian Financial investors, and ability to earn income.

112.    The improper conduct of SFAA was committed with actual malice and ill will towards EDMUND SCARBOROUGH, and with the intentional and improper purpose of causing irreparable damage.

113.    As a direct and proximate result of SFAA's willful and improper conduct, the business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH was terminated, and as a result, EDMUND SCARBOROUGH has suffered monetary damages.

114.    There is no justification or privilege for SFAA's actions.

WHEREFORE, EDMUND SCARBOROUGH respectfully demands judgement against SFAA for damages, interest, costs, a trial by jury on all issues to triable, and such other relief as this Court deems proper.

## COUNT XI - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP (ENR against EDMUND SCARBOROUGH)

115.    Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

116.    As described above, EDMUND SCARBOROUGH had a business relationship with the Montgomery Street Financial and Meridian Financial investors.

117.    Defendant, ENR, knew of the business relationship between the EDMUND SCARBOROUGH and the Montgomery Street Financial and Meridian Financial investors.

118.    ENR knew (or should have known) that EDMUND SCARBOROUGH had an Agreement and advantageous relationship with the Montgomery Street Financial and

Meridian Financial investors, and knowingly and intentionally decided, endeavored and sought to engage in acts which could cause irreparable damage to the to the established business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH.

119.    The conduct of ENR, in interfering with EDMUND SCARBOROUGH's economic relationship, was intentional, willful, and calculated to cause damage to Plaintiff, EDMUND SCARBOROUGH's business relationship with the Montgomery Street Financial and Meridian Financial investors, and ability to earn income.

120.    The improper conduct of ENR was committed with actual malice and ill will towards EDMUND SCARBOROUGH, and with the intentional and improper purpose of causing irreparable damage.

121.    As a direct and proximate result of ENR's willful and improper conduct, the business relationship between the Montgomery Street Financial and Meridian Financial investors and EDMUND SCARBOROUGH was terminated, and as a result, EDMUND SCARBOROUGH has suffered monetary damages.

122.    There is no justification or privilege for ENR's actions.

WHEREFORE, EDMUND SCARBOROUGH respectfully demands judgement against ENR for damages, interest, costs, a trial by jury on all issues to triable, and such other relief as this Court deems proper.

## COUNT XII – INJUNCTIVE RELIEF FOR
## EDMUND SCARBOROUGH FROM ENR

123.    Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

124.    EDMUND SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by ENR on the internet, to include the on-line articles:

    **a.** April 15, 2014, entitled "Maryland Individual Surety Law Set to Expire" written by Richard Korman

14

Scarborough v. NASBP et al
Complaint

    **b.** August 5, 2014, entitled "Controversial Individual Surety Files for Bankruptcy Protection, written by Richard Korman

    **c.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant

125.    Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

126.    EDMUND SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

127.    Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, EDMUND SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XIII - INJUNCTIVE RELIEF FOR YVONNE SCARBOROUGH FROM ENR

128.    Plaintiff, YVONNE SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

129.    YVONNE SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by ENR on the internet, to include the on-line articles:

    **a.** April 15, 2014, entitled "Maryland Individual Surety Law Set to Expire" written by Richard Korman

    **b.** August 5, 2014, entitled "Controversial Individual Surety Files for Bankruptcy Protection, written by Richard Korman

    **c.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of YVONNE SCARBOROUGH and published by this Defendant

15

130.   Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

131.   YVONNE SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

132.   Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, YVONNE SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XIV - INJUNCTIVE RELIEF FOR EDMUND SCARBOROUGH FROM BNP

133.   Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

134.   EDMUND SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by BNP's subordinate company on the internet, to include the on-line articles:

   **a.** April 15, 2014, entitled "Maryland Individual Surety Law Set to Expire" written by Richard Korman

   **b.** August 5, 2014, entitled "Controversial Individual Surety Files for Bankruptcy Protection, written by Richard Korman

   **c.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant

135.   Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

136.   EDMUND SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

16

Scarborough v. NASBP et al
Complaint

137.   Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, EDMUND SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XV - INJUNCTIVE RELIEF FOR YVONNE SCARBOROUGH FROM BNP

138.   Plaintiff, YVONNE SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

139.   YVONNE SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by BNP's subordinate company on the internet, to include the on-line articles:

**a.** April 15, 2014, entitled "Maryland Individual Surety Law Set to Expire" written by Richard Korman

**b.** August 5, 2014, entitled "Controversial Individual Surety Files for Bankruptcy Protection, written by Richard Korman

**c.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of YVONNE SCARBOROUGH and published by this Defendant

140.   Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

141.   YVONNE SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

142.   Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, YVONNE SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

2016CA-001244-0000-00        Received in Polk 04/13/2016 04:56 PM

Scarborough v. NASBP et al
Complaint

## COUNT XVI - INJUNCTIVE RELIEF FOR EDMUND SCARBOROUGH FROM SFAA

143. Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

144. EDMUND SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by SFAA on the internet, to include the on-line article:

    **a.** August 7, 2014, entitled "Individual Surety Files for Bankruptcy"

    **b.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant

145. Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

146. EDMUND SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

147. Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, EDMUND SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XVII - INJUNCTIVE RELIEF FOR YVONNE SCARBOROUGH FROM SFAA

148. Plaintiff, YVONNE SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

149. YVONNE SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by SFAA on the internet, to include the on-line article:

    **a.** August 7, 2014, entitled "Individual Surety Files for Bankruptcy"

18

      **b.** Any other article on the internet that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant

150.    Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

151.    YVONNE SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

152.    Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, YVONNE SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XVIII - INJUNCTIVE RELIEF EDMUND SCARBOROUGH FROM NASBP

153.    Plaintiff, EDMUND SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

154.    EDMUND SCARBOROUGH suffers irreparable injury as a result of the existing misleading and untrue articles published by NASBP on the internet, to include the on-line article:

      **a.** Fall 2014 ABA Fidelity & Surety Law Committee Newsletter, entitled "Battling Surety Bond Fraud: Why Bond Verification is so Important" authored by Martha L. Perkins in her capacity as General Counsel of the NASBP.

      **b.** Winter 2015 ABA Fidelity & Surety Law Committee Newsletter, entitled "Individual Sureties and More Fraudulent Schemes Perpetrated" authored by Martha L. Perkins in her capacity as General Counsel of the NASBP.

      **c.** Any other article that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant.

19

Scarborough v. NASBP et al
Complaint

155.    Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

156.    EDMUND SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

157.    Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, EDMUND SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## COUNT XIX- INJUNCTIVE RELIEF FOR YVONNE SCARBOROUGH FROM NASBP

158.    Plaintiff, YVONNE SCARBOROUGH, reasserts paragraphs 1-32 and incorporates them herein.

159.    YVONNE SCARBOROUGH suffers irreparable injury as a result of the existing misleading and/or untrue articles published by NASBP, to include the following:

    **a.** Fall 2014 ABA Fidelity & Surety Law Committee Newsletter, entitled "Battling Surety Bond Fraud: Why Bond Verification is so Important" authored by Martha L. Perkins in her capacity as General Counsel of the NASBP.

    **b.** Winter 2015 ABA Fidelity & Surety Law Committee Newsletter, entitled "Individual Sureties and More Fraudulent Schemes Perpetrated" authored by Martha L. Perkins in her capacity as General Counsel of the NASBP.

    **c.** Any other article that is defamatory in nature or meant solely to interfere with the profession or livelihood of EDMUND SCARBOROUGH and published by this Defendant.

160.    Because these harmful articles, published on the internet, exist permanently and without the ability to refute them under the same forum or audience, there is no other adequate remedy at law to perpetually account for the damage of these articles.

Scarborough v. NASBP et al
Complaint

161.    YVONNE SCARBOROUGH has a clear legal right to have these malicious and harmful articles removed from the internet in their entirety.

162.    Public interest would be served in that such injunctive relief would alleviate false and/or misleading information about those in the public or for a public purpose.

WHEREFORE, YVONNE SCARBOROUGH respectfully requests this Honorable Court to enter an injunction for relief this court deems appropriate, order the harmful on-line postings removed from the internet, and a trial by jury on all issues to triable.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs, SCARBOROUGHS, demand a jury trial on all counts so triable.

Dated this _13th_ of April, 2016.

JOSEPH E. PARRISH, ESQUIRE
Florida Bar. No: 690058
Fortis Law, P.A.
100 N. Tampa St., Suite 1725
Tampa, Florida 33602
Primary: Joe@Fortis.Law
Secondary: Trudi@Fortis.Law
                Efiling@Fortis.Law
Telephone: 813-605-0220
Facsimile: 813-354-2562
Attorney for Plaintiffs